UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Armstrong

   v.               Civil No. 20-cv-686-LM
                                Opinion No. 2021 DNH 072 P
United States of America

O R D E R

Before the court is Christopher Armstrong's 28 U.S.C. § 2241 habeas corpus petition. Armstrong challenges the validity of his conviction by the District Court for the Western District of Tennessee. Armstrong's petition is subject to preliminary review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Section 2254 Rules").

PRELIMINARY REVIEW STANDARD

The court conducts a preliminary review of habeas corpus petitions, including petitions filed pursuant to Section 2241, to determine whether they are facially valid and may proceed. See Section 2254 Rule 4; see also Section 2254 Rule 1(b) (authorizing court to apply the Section 2254 Rules to Section 2241 petitions); Loc. R. 4.3(d)(4)(A). Because Armstrong proceeds pro se, his pleadings are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

DISCUSSION

Armstrong is serving a sentence following his conviction on charges of armed robbery in the Western District of Tennessee. See doc. no. 1-2. In general, the court

in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence.  See 28 U.S.C. § 2255(e).

Under limited circumstances, however, a federal prisoner may challenge the validity of his sentence by proceeding under Section 2241, as Armstrong seeks to do here.  This is because Section 2255(e) contains a "savings clause," pursuant to which the jurisdiction of the sentencing court to consider post-conviction challenges is not considered exclusive where "it . . . appears that the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the prisoner's] detention."  Id.  Where the savings clause is applicable, the petitioner may challenge the validity of his conviction under Section 2241 in either the jurisdiction where he was convicted and sentenced or the jurisdiction where he is incarcerated at the time he files his petition.[1]  See 28 U.S.C. § 2241(d).  There is no timeliness requirement for filing a petition under Section 2241.  See id.; see also Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004).

Relief under Section 2255 is considered inadequate or ineffective for purposes of savings-clause jurisdiction "when, in a particular case, the configuration of [Section 2255] is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008).  Under

---

[1] Armstrong is currently housed at the United States Penitentiary in Leavenworth, Kansas, but was housed within this District at the Federal Correctional Institution, Berlin, at the time he filed his petition.

that standard, the First Circuit has determined that a petitioner may proceed under Section 2241 via the savings clause of Section 2255(e) under two limited circumstances. First, a petitioner may invoke savings clause when he makes a "credible allegation of actual innocence." Id. Second, a petitioner may invoke the savings clause when the Supreme Court has overturned the interpretation of the statute under which the petitioner was convicted, such that the petitioner is no longer guilty of a crime under the Supreme Court's new interpretation. See Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000). If neither of those circumstances is present, a petitioner may not rely on Section 2241 to raise a challenge that would have been foreclosed under Section 2255. See United States v. Barrett, 178 F.3d 34, 50-52 (1st Cir. 1999).

     Here, Armstrong has not shown that because of the configuration of section 2255, he lacked a prior opportunity to obtain judicial review of his challenges to the validity of his conviction. First, although his petition before this court is silent as to whether he has petitioned for relief under Section 2255 before the court for the Western District of Tennessee, the court takes judicial notice that Armstrong has previously filed an unsuccessful Section 2255 petition challenging the validity of his sentence in that district. See 15-CV-2392-JPM-tmp, W.D. Tenn, doc. no. 30 (denying Armstrong's petition); see also Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001) (holding that a court may take judicial notice of the docket of any court case). Second, Armstrong makes no claim of actual innocence, and his petition does not suggest the existence of evidence that would exonerate him. See doc. no. 1. Third

3

and finally, Armstrong does not argue that the conduct for which he was convicted is no longer criminal under newly applicable Supreme Court jurisprudence.  See id. The Section 2255(e) savings clause thus does not provide this court with jurisdiction to consider the merits of his petition.

## CONCLUSION

For the reasons discussed in this order, this court is without authority to consider the merits of Armstrong's petition.  Armstrong's petition (doc. no. 1) is therefore dismissed without prejudice to his right to refile it in the Western District of Tennessee, where he was convicted and sentenced.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 8, 2021

cc:  Christopher Armstrong, pro se